# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| LUCRETIA NEAL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-01220 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Sharp |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Movant Lucretia Neal, a federal prisoner presently housed at FCI Tallahassee, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence imposed by this Court in November 2012. Now pending is the respondent's Motion to Dismiss (ECF No. 7). For the reasons set forth herein, the Court finds that an evidentiary hearing is not required, and the record establishes that the movant is not entitled to relief.

## I.      Procedural Background

In March 2012, Ms. Neal was charged in a felony Information with aiding and abetting in the distribution of cocaine base, a Schedule II controlled substance. (Case No. 3:12-cr-0058, ECF No. 1.) Counsel was appointed and Ms. Neal waived indictment. (*Id.*, ECF No. 7.)

On May 31, 2012, Ms. Neal entered into a binding plea agreement with the United States and, in conjunction therewith, submitted to the Court a petition to enter a guilty plea, which the Court accepted. (*Id.*, ECF No. 15.) As part of the plea agreement, Ms. Neal pleaded guilty to the Information. In the petition to enter a plea of guilty, the movant stated:

> My lawyer has advised me to enter into a plea agreement with the Government whereby the parties agree to recommend to the Court a final offense level of 21, prior to any downward departure. The Government and I have no agreement with respect to my criminal history but it is likely Category II. Thus, the U.S.S.G. Advisory Sentencing Range is 41–51 months.

(*Id.*, ECF No. 15, Plea Petition at 1–2.) However, Ms. Neal further acknowledged her understanding that this range was "simply [her] lawyer's estimate." (*Id.* at 2.) Similarly, in the plea agreement itself, the

parties acknowledged that there was "no agreement regarding a Criminal History Category." (*Id.*, Plea Agreement at 6, ¶ 10(b).) In that regard, Ms. Neal expressly acknowledged her understanding that, even though the United States expressed its intent to recommend reductions to the base offense level that would result in a final offense level of 21,

> the offense level as ultimately determined by the Court . . . may be different from the Recommended Offense Level" and that "the guidelines range as ultimately determined by the Court . . . may be based on an offense level different from the Recommended Offense Level. . . .
>
> Defendant is aware that the Recommended Offense Level is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the guidelines calculations of the parties, defendant will have no right to withdraw her guilty plea.

(*Id.* at 6–7, ¶¶ 10(c)–(d).)

The Presentence Report also assessed a total offense level of 21 but found a Criminal History Category of IV, which resulted in a guideline range of 57–71 months instead of the 41–51 months estimated by Ms. Neal and her attorney. At her sentencing hearing, Ms. Neal did not object to the PSR or the guideline range determined by the probation office. (*See* Case No. 3:12-cr-0058, ECF No. 38, Sentencing Transcript at 5:2–12.)

After a sentencing hearing conducted on November 2, 2012, the Court adopted the guideline range set forth in the PSR and imposed a sentence of 57 months' incarceration, at the low end of the range. (*Id.* at 19:18–20.) Judgment was entered.

Ms. Neal did not pursue a direct appeal of the judgment. Instead, she filed a timely § 2255 motion on October 30, 2013. In this motion, Ms. Neal asserts only one claim for relief: that defense counsel was ineffective insofar as he told her that, with her plea agreement, she faced a sentence of 41 to 51 months. She asserts that her attorney lead her to believe this was the guidelines range, and she did not learn differently until the day of her sentencing hearing. (Case No. 3:13-cv-1220, ECF No. 1, § 2255 Motion at

4.) Ms. Neal claims that if she had known the guidelines range would be 57 to 72 months instead of 41 to 51 months, she would not have entered into this plea agreement. (*See id.* ("If I had been aware of that I wouldn't had [sic] signed for that plea.").)

Shortly after the motion was filed, the Court conducted a preliminary examination thereof and determined that it stated a colorable claim for relief. The Court entered an order (ECF No. 3) directing the United States to answer, plead or otherwise respond to the petition. Rule 5, Rules Gov'g § 2255 Proceedings. The United States has responded to the § 2255 motion with a motion to dismiss (ECF No. 7), in which it argues that: (1) the movant's claim that her attorney promised her a guideline range of 41–51 months is demonstrably untrue; and (2) the plaintiff does not allege prejudice resulting from her counsel's alleged ineffectiveness, because she does not assert that she would have insisted on proceeding to trial if she had known the actual guideline range. (ECF No. 7, at 8.)

## II.    Discussion

To prevail upon a motion for habeas relief under 28 U.S.C. § 2255, a federal prisoner must allege that (1) his or her conviction resulted from an error of constitutional magnitude; (2) the sentence imposed was outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

A claim of ineffective assistance of counsel is indisputably a claim of constitutional dimension. To obtain relief on this ground, the movant must establish that (1) her lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," that is, that "counsel's representation fell below an objective standard of reasonableness"; and (2) there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687, 688, 694 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying *Strickland* in the context of a guilty plea). To demonstrate prejudice in the context of a guilty plea, the movant must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

In this case, the movant cannot establish that her counsel was ineffective because, as the respondent points out, the movant's clam that her attorney assured her that she would face a sentencing

guidelines range of 41–51 months is belied by the record. As discussed above, the plea agreement itself specifically notes that the parties had not reached an agreement regarding Ms. Neal's Criminal History. (Case No. 3:12-cr-0058, ECF No. 15, Plea Agreement at 6.) And the agreement further reflects the defendant's understanding that

> the Recommended Offense Level is a prediction, not a promise, and is not binding on the Probation Office or the Court. *Defendant understands that any estimate of the offense level or guidelines range that defendant may have received from defendant's counsel . . . is a prediction not a promise, and is not binding on the Probation Office or the Court. Defendant understands that . . . the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations.*

(*Id.* (emphasis added)) The plea agreement also references the defendant's recognition that the "Court is neither a party to nor bound by this Plea Agreement" and that, even if the Court rejected the parties' sentencing recommendations, the defendant would "have no right to withdraw her guilty plea." (*Id.* at 10.) Thus, the plea agreement emphasized repeatedly to the defendant that there was no promised guideline range. By signing the agreement, Ms. Neal agreed that she had read the plea agreement and carefully reviewed every party of it with her attorney, and that she understood it. (*Id.* at 13–14.)

Similarly, the petition to enter a plea of guilty references an estimated guidelines range of 41–51 months but expressly states that there was no agreement regarding Ms. Neal's criminal history category and that the estimated guidelines range was simply defense counsel's "estimate." (Case No. 3:12-cr-0058, ECF No. 15, Plea Petition at 2.) At the plea hearing, Ms. Neal responded, under oath, to the Court's questions regarding her communications with her attorney and her understanding of the plea petition. Ms. Neal affirmatively averred that no one had made any promises to her, beyond what was written in the plea agreement, in exchange for her pleading guilty and that she understood the possible maximum sentence that could be imposed was twenty years. (ECF No. 37, at 12.) Ms. Neal confirmed that she understood that there were no guarantees as to what her sentence would be and that her sentence would, in part, be determined by her criminal history category. (*Id.* at 13.) She indicated that she had gone over both the petition to enter a guilty plea and the plea agreement "page for page, line for line" with her attorney and that he was able to answer any questions she might have about those documents. (*Id.* at 20.) She further agreed that there was nothing in those documents that she did not understand. (*Id.*)

Based on her testimony and her appearance at the hearing, this Court specifically found that Ms. Neal was fully competent and capable of entering an informed plea and that her plea was knowing and voluntary. (*Id.*) The Court agrees with the United States that the plea petition and plea agreement together disprove Ms. Neal's claim that she "was set for a plea agreement of facing 41–51 months and that's what I was happy with and was lead to believe by my attorney. (ECF No. 1, § 2255 Motion at 4.) The record shows that her claim is factually incorrect. Because the record contradicts the plaintiff's claim that she thought she was pleading guilty to an agreed-upon sentence, her claim does not warrant a hearing. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks and citation omitted)).

Because her allegations are contradicted by the record, Ms. Neal cannot establish that her counsel was ineffective, the first prong of the *Strickland* standard. Even were that not the case, she has not established prejudice either, the second prong of the *Strickland* standard. To establish prejudice from counsel's errors in this context, the movant must show "that there is a reasonable probability that but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Campbell v. United State*s, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). In this case, Ms. Neal has not asserted that there is a reasonable probability that she would not have pleaded guilty and would have insisted on going to trial but for her attorney's deficient performance. Instead, she states, "[i]f I had been aware of that I wouldn't had [sic] signed for that plea." (§ 2255 Motion at 4.) As the respondent points out, Ms. Neal does not say what she would have done if she had not signed this plea agreement, but in any event she does not affirmatively aver that she would not have pleaded guilty at all and would have insisted on going to trial. *Cf. Hodges v. Colson*, 727 F.3d 517, 539 (6th Cir. 2013) (finding no prejudice because, despite the petitioner's self-serving statement in his petition to the contrary, "all objective evidence point[ed] unequivocally to" a conclusion that the petitioner would have pleaded guilty regardless of his attorney's advice). Accordingly, even if she could show that her attorney's performance was deficient, Ms. Neal could not show that she was prejudiced thereby.

### III.    Conclusion

In sum, the movant is not entitled to relief, and her motion will be denied without a hearing. An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge